GEORGE H. PERRIN AND E. D. ROWLAND *v.* PHILIP AMMERMAN.

**Descent and Distribution—Usurious Note in Hands of Legatee.**

After a usurious note has passed into the hands of a legatee as his distribution of an estate, it can only be purged of an amount prorated according to his share of the estate.

APPEAL FROM HARRISON CIRCUIT COURT.

February 21, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The casual remark of the judge in the presence of the jury, in reference to the testimony of Rowland, if an error at all, was not prejudicial to appellant. It did not follow that because the judge did not understand the witness that the jury should by the remark be made to conclude, or be induced thereby to believe, they did not understand him also.

We see but one error prejudicial to appellants, and for that the judgment must be reversed.

From the testimony of Rowland, it appears that at the death of James Ammerman he held a note on him, due 1st of January, 1858, for $416.76. That note appellee got as part of his distributable share of his brother's estate, all of which was for usurious interest, that interest was calculated at the rate of ten per cent. per annum on that note, from the time it was due, the 23rd of May, 1863, when to that note, with the interest thus calculated, was added a sum of money, which with interest on all that was due on the note, calculated at ten per cent per annum to the 23rd of March, 1864, made up the sum of $1788.50, for which the note sued on was executed. And interest paid on the last named sum at the rate of ten per cent. per annum until the 10th of March, 1867. If the jury believed the foregoing facts from the evidence, and that the whole of the note for $416 was for usurious interest, the court should have told them to deduct the one-seventh thereof, and calculate interest on it at 10 per cent. per annum from the date of its maturity, and deduct it from the note as of

date 23rd of May 1863, which was substantially asked and was refused.

It was not for this court to suggest the proper or best mode of calculation to be adopted to arrive at the most satisfactory conclusion as to the amount of usury, if any.

· The business and duty of the court is to correct such errors as the record presents on final orders and judgments, and perhaps the less it wanders from the line of duty, the more authorative its opinions will be regarded.

Wherefore the judgment is reversed and the cause remanded for a new trial and further proceedings consistent herewith.

*Trimble,* for appellants.

*Ward,* for appellee.